UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BEASLEY and
ROBERTA BEASLEY,

    Plaintiffs,

vs.

Case No. 13-12349
Hon. Lawrence P. Zatkoff

UNUM LIFE INSURANCE
COMPANY, UNUM LIFE INSURANCE
COMPANY OF AMERICA, and UNUM
PENSION AND INSURANCE COMPANY,

    Defendants.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 11TH of June, 2014

### I. INTRODUCTION

On January 22, 2014, Defendants filed a Motion for Summary Judgment (Docket #17). Plaintiffs filed a timely response, and Defendants have not filed a reply. The Court finds that the facts and legal arguments pertinent to the motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted by the parties, without this Court entertaining oral arguments. For the reasons that follow, Defendants' motion for summary judgment is denied.

### II. BACKGROUND

This is not the first lawsuit Plaintiffs have filed against Defendants. In 1994, Plaintiffs sued Defendants, claiming that Defendants wrongfully terminated disability benefits under an ERISA-

governed insurance policy (the "UNUM Policy"). Plaintiffs prevailed in that case, and this Court entered judgment in favor of Plaintiffs and ordered Defendants to begin making monthly benefits payments under the terms of the UNUM policy.

Defendants paid Mr. Beasley benefits throughout the Maximum Benefit Period (which, as determined by the UNUM Policy, expired on May 25, 2007, the last day before Mr. Beasley turned 65). In advance of the termination of benefits, Defendants informed Mr. Beasley on April 11, 2007, that: (a) he would reach the Maximum Benefit Period under the UNUM Policy when he turned 65 on May 26, 2007, and (b) therefore, his benefits would cease on May 25, 2007. Defendants ceased paying Mr. Beasley any benefits under the UNUM Policy as of May 25, 2007.

Plaintiff filed this suit on May 28, 2013.

### III.  APPLICABLE LAW

The Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA") was enacted in 1974, and was intended to "protect . . the interests of participants in employee benefit plans and their beneficiaries" by setting out substantive regulatory requirements to employee benefit plans to "provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). The relevant section of ERISA authorizes a participant in an employee welfare benefit plan to bring a civil action "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). "Although ERISA does not provide a statute of limitations for benefits claims, the Sixth Circuit has recognized that such claims are governed by the most analogous state statute of limitations, which is that for breach of contract." *Santino v. Provident Life and Acc. Ins. Co.*, 276 F.3d 772, 776 (6th Cir. 2011). The Michigan breach of contract statute of limitations is six years. M.C.L. § 600.5807(8).

## IV.  ANALYSIS

Defendants assert that Plaintiffs had to file any claim to recover benefits under the UNUM Policy no later than May 25, 2013.  Therefore, Defendants contend that, because Plaintiffs did not file their cause of action until May 28, 2013, their cause of action is time-barred.

As Plaintiffs note in their response, however, May 25, 2013, was a Saturday and Monday, May 27, 2013, was Memorial Day, a legal holiday.  Thus, pursuant to the Federal Rules of Civil Procedure, the six-year period of statute of limitations for Plaintiffs to file a claim did not expire until Tuesday, May 28, 2013. *See* Fed.R.Civ.P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time: include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").  Therefore, pursuant to applicable law, when Plaintiffs filed their cause of action on Tuesday, May 28, 2013, Plaintiffs' filing was timely.

Accordingly, and for the foregoing reasons, the Court concludes that: (1) Plaintiffs' cause of action is not time-barred, and (2) Defendants' motion for summary judgment must be denied.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, the Court DENIES Defendants' motion for summary judgment (Docket #17).

IT IS SO ORDERED.

                                                S/Lawrence P. Zatkoff
                                               LAWRENCE P. ZATKOFF
                                               UNITED STATES DISTRICT JUDGE

Dated: June 11, 2014